# NO. 12-12-00179-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SHANE RYAN KIRKLAND,*<br>*APPELLANT* | § | *APPEALS FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Shane Ryan Kirkland appeals his conviction for aggravated robbery. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

Appellant was charged by indictment with the offense of aggravated robbery, a first degree felony.[1] The indictment also alleged that Appellant used or exhibited a deadly weapon during the commission of or immediate flight from the offense. Appellant entered an "open" plea of guilty to the offense charged in the indictment. Appellant and his counsel signed various documents in connection with his guilty plea, including a stipulation of evidence in which Appellant swore, and judicially confessed, that all allegations pleaded in the indictment were true and correct. The trial court accepted Appellant's plea, found that the evidence was sufficient to support a finding of Appellant's guilt, deferred further proceedings without entering an adjudication of guilt, and

---

[1] *See* TEX. PENAL CODE ANN. § 29.03 (a), (b) (West 2011).

ordered that Appellant be placed on deferred adjudication community supervision for ten years.[2] The trial court also ordered that Appellant pay court costs.

Later, the State filed an application to proceed to final adjudication, alleging in thirteen paragraphs that Appellant had violated the terms of his community supervision. Appellant and his attorney signed a written plea admonishment and stipulation of evidence, admitting as "true" nine paragraphs of allegations in the State's application. At the hearing on the application, the State abandoned three paragraphs of the allegations in its application. Appellant pleaded "true" to nine paragraphs of the allegations contained in the State's application. However, he pleaded "not true" to paragraph nine. After a hearing, the trial court found it "true" that Appellant violated the conditions of his community supervision, granted the State's application, made an affirmative deadly weapon finding, and adjudged Appellant guilty as charged in the indictment. The trial court assessed Appellant's punishment at life imprisonment and court costs.[3] This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of Appellant's brief, it is apparent that his counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal. We have reviewed the record for reversible error and have found none.[4] *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (West Supp. 2012).

[3] An individual adjudged guilty of a first degree felony shall be punished by imprisonment for life or for any term of not more than ninety-nine years or less than five years and, in addition, a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.32 (West 2011).

[4] Counsel for Appellant certified that he provided Appellant with a copy of his brief and informed Appellant that he had the right to file his own brief. Appellant was given time to file his own brief, but the time for filing such a brief has expired and we have received no pro se brief.

<u>CONCLUSION</u>

As required, Appellant's counsel has moved for leave to withdraw. *See **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby ***granted***, and the trial court's judgment is ***affirmed***. *See* TEX. R. APP. P. 43.2.

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See **In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered April 3, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 3, 2013**

**NO. 12-12-00179-CR**

**SHANE RYAN KIRKLAND,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th Judicial District Court

of Smith County, Texas. (Tr.Ct.No. 114-1398-09)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that Appellant's counsel's motion to withdraw is **granted**, the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*